# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 69

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JAMES DAVID FRANKLIN. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on December 21, 2011. At that time, the court presented the issue of whether or not defendant should be detained, pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the court pursuant to an oral motion made by counsel for defendant requesting that defendant continue to be released on terms and conditions of pretrial release, pursuant to 18 U.S.C. § 3145(c). The defendant was present with his attorney, Sean Devereux and the government was present and represented through Assistant United States Attorney Michael E. Savage. From the arguments of counsel for defendant and arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On August 17, 2011 a bill of indictment was issued charging the defendant with four counts of extortion under color of official right and one count of possession with intent to distribute a controlled substance, that being hydrocodone.

On December 21, 2011, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to one count of extortion under color under official right and to the count charging defendant with possession with intent to distribute a controlled substance, that being hydrocodone. At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on December 21, 2011 to the crime of possession with intent to distribute a controlled substance, that being hydrocodone in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C.

§ 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Michael Savage as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Savage advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted and based upon the statements of Mr. Savage the court cannot find that an attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon the defendant. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Defendant's counsel made an oral motion contending that exceptional circumstances exists which would merit the continued release of defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the

undersigned the task of conducting an exceptional circumstances determination in criminal matters pending in this district. What constitutes exceptional circumstances had been defined by Judge Reidinger in <u>United States v.Vilaiphone</u>, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In <u>Vilaiphone</u> Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See <u>United States v. Little</u>, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See <u>Lea</u>, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See <u>United States v. Garcia</u>, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); <u>United States v. Mahabir</u>, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him

and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In support of defendant's motion, Mr. Devereux presented into evidence as Defendant's Exhibits 2 & 3, medical records showing that defendant was scheduled for arthroscopic surgery which is to occur on December 27, 2011. Mr. Devereux further submitted into evidence without objection from the government, Exhibits D-4, D-5, & D-6. These exhibits show that the sixteen year old son of defendant and his wife, Lorie Franklin, suffers from Tourette's Disorder, Obsessive-Compulsive Disorder, Mood Disorder, and possible Intermittant Explosive Disorder. Mrs. Lorie Franklin was called as a witness for the defendant. Mrs. Franklin testified that she and defendant had been married for nineteen years. One of their children is a son who is age sixteen. At age five, their son was diagnosed as having Tourette's Syndrom along with other developmental disorders as referenced above. As their son has aged, the son's condition has increased in severity. He is now 6' 1" tall and weighs 240 pounds. His anxiety, depression and mood swings, along with Tourette's Disorder, cause him on occasion to react violently to Mrs. Franklin. An example of the son's conduct is that he strikes or hits Mrs. Franklin when she tries to assist him in trying his shoes because her attempt to assist him in tying his shoes initiates an attack of the Tourette's Disorder . The defendant and Mrs. Franklin also have a thirteen year old daughter.

Acts of violence and arguments have increased between the son and the daughter as the son has gotten older. Although the son acts violently to Mrs. Franklin he will allow the defendant, his father, to assist him without becoming violent. Mrs. Franklin requests the defendant continue to be released so that she can have a period of time to develop a plan for care for not only her son, but also her daughter, while defendant is incarcerated. At the present time Mrs. Franklin is the sole support for her family and defendant is providing necessary care for their son. Defendant's Exhibit 4 is a letter from Mickey Skidmore of Turning Points Counseling & Consulting Services. In the letter, Mr. Skidmore describes the manifestations of defendant's son as follows:

> His Tourette's symptoms are manifested primarily as vocal tics which are experienced as sudden, rapid, recurrent, non-rhythmic, stereotyped motor movements or vocalizations. (These vocalizations often take the form of profanity which many find offensive or find difficult to tolerate. However, I stress that this is a predominately <u>involuntary</u> symptom). His anxiety symptoms are manifested in obsessive-compulsive manners and coping strategies which often further intensify, exacerbate his tics and often occur simultaneously. The frustration of dealing with these chronic issues underscores his mood disturbance which at times can be expressed as frustration and destructive impulsive behaviors. While these issues and behaviors are difficult to manage in the home and social arenas, they clearly also pose unusual and dramatic and learning challenges in the school setting as well.

The evidence shows there is no known cure for the condition suffered by the defendant and Mrs. Franklin's son. Mr. Savage, on behalf of the government, advised

the undersigned that the government did not object to a finding that the circumstances presented in this matter are exceptional circumstances that merited the continued release of defendant.

The court finds that the conditions involving defendant's family and particularly, the continued care of defendant's son, are "clearly out of the ordinary, uncommon, or rare".  On the other hand, however, the court is of the opinion that defendant and Mrs. Franklin knew or at least should have known the defendant's plea of guilty was going to have to be presented to the court and that as a result the court would be required by law to detain defendant.  Defendant and Mrs. Franklin should have taken action to resolve the problems the defendant's incarceration will present to their family before the plea was presented.  The court understands that the resolution of the problems the defendant's incarceration will cause will involve hard choices for the defendant and Mrs. Franklin.  Considering the request of Mrs. Franklin that she be given a period of time in which to prepare for the incarceration of her husband and the loss of care for her son, which will result from that incarceration, and further considering the fact that Mr. Savage, on behalf of the government, is of the belief that exceptional circumstances have been found, the undersigned finds that there are such exceptional circumstances as set forth above that exists in this case that merit the continued release of defendant.  The undersigned will

grant the oral motion of defendant and allow him to continue to be released on terms and conditions of presentence release. However, this additional period of release will be only for a period of time sufficient to allow defendant and Mrs. Franklin to make appropriate arrangements for the care of their son while defendant is incarcerated. The undersigned considers that a three (3) months period of time to make such arrangements would be reasonable.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the defendant's oral motion for continued release is hereby **ALLOWED** and defendant will be allowed to continue on terms and conditions of pretrial release. The undersigned does hereby set this matter on for further hearing concerning the release of defendant for **April 2, 2012 at 9:30 o'clock a.m.** in courtroom #2 in the United States Courthouse in Asheville, North Carolina.

Signed: January 4, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge